IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:    MADISON PARK HOME
          FURNISHINGS, LLC                          CASE NO. 13-13235-JDW

**MOTION TO PERMIT TRANSFER OF INSURANCE POLICIES OWNED BY DEBTOR CORPORATION TO MARK DAULER SALES, INC., PAXTON SALES, INC. AND C.D. WALLACE ASSOCIATED SALES, INC.**

COME NOW, Paxton Sales, Inc., Mark Dauler Sales, Inc., and C.D. Wallace Associated Sales, Inc. (hereinafter "Movants") and move this Court for an order permitting and directing the transfer of the ownership of four life insurance policies on the lives of Adam Paxton, Mark Dauler, Dudley Wallace and Ron Spivey from Madison Park Home Furnishings, LLC to Paxton Sales, Inc., Mark Dauler Sales, Inc., and C.D. Wallace Associated Sales, Inc..  In support of their motion, Movants state as follows:

1.  Movants, or their principals, were formerly owners of Madison Park Home Furnishings, LLC.  Their interests were transferred to the current owner, Westlake Industrial, LLC, by way of the January 30, 2013 Buy-Sell Settlement Agreement, which is attached hereto as Exhibit A, and the February 18, 2013 Buy-Sell Statement, which is attached hereto as Exhibit B.

2.  The February 18, 2013 Buy-Sell Statement contained a provision, Paragraph 2(l), which provided that:

> Until the Purchase Price has been paid in full, the Buyers will cause Madison Park to maintain in full force and effect life insurance policy/policies in the face amount of one million dollars ($1,000,000) on each of the lives of Paxton, Dauler, Wallace and Spivey.  Within twenty (20) days following the delivery of the Assignments Buyers will cause Madison Park as owner of such policies, to cause the issuer of such policies to give the Sellers thirty-day (30) notice prior to the lapse or surrender of the policy for any reason and to afford the Sellers the opportunity, but not the

obligation, to make the monthly premiums theron and keep the policies in full force and effect without lapse. Any amount paid by the Sellers to maintain any such policy shall be immediately due and payable by the Buyers, jointly and severally, and the failure to repay all such amounts to Seller together with the next monthly installment of Purchase Price due shall be an Event of Acceleration.

>    (i)    In the event of the death of any of the individuals whose live is insured under policies required to be maintained under this paragraph (l) Buyers shall cause Madison Park to promptly collect the proceeds payable under such policy and to use such proceeds to be used to pay in full, all amounts due to the Sellers under this Offer, including but not limited to the Purchase Price, and for no other purpose or debt. Any proceeds remaining after payment of all obligations under this Offer shall be paid promptly to the estate of the insured; and

>    (ii)    In the event the Purchase Price has been paid in full prior to the death of an insured individual who is one of the Sellers under this Offer, then Buyers shall cause such policy(s) on the life of such Sellers to be transferred by Madison Park to the Person whose life is insured, and Buyers shall themselves, and shall cause Madison Park and all members of Madison Park to release and relinquish any right, title, interest or claim they may have in or to such distributed insurance policy/policies.

3.     Madison Park has failed to pay the premiums due on the policies referenced above, and Movants have paid such premiums as have come due to maintain the policies on the lives of Mssrs. Dudley, Paxton and Dauler. Movant's counsel has been informed by counsel for Mr. Spivey that the policy on the life of Mr. Spivey has not been paid, and that it will soon lapse as well.

4.     The subject life insurance policies, currently held in the name of Madison Park, are level-term insurance policies with no cash value that were pledged by way of the February 18, 2013 Buy-Sell Statement to insure that the Movants, who were the Sellers

under that agreement, were paid the agreed upon price for the purchase of their membership interests in Madison Park.

5.      While the policies have no cash value, such value as they do possess to the Movants as a potential source of payment will be lost if the premiums are not paid.

6.      Movants submit that it would be in the best interests of the estate, the various creditors, and equity to permit the transfer of the subject policies, and respectfully request that the Court order that: ownership of the policy insuring Mr. Paxton be transferred to Paxton Sales, Inc.; ownership of the policy insuring Mr. Dauler be transferred to Mark Dauler Sales, Inc.; ownership of the policy insuring Mr. Wallace be transferred to C.D. Wallace Associated Sales, Inc.; and ownership of the policy insuring Mr. Spivey be transferred to Paxton Sales, Inc., Mark Dauler Sales, Inc. and C.D. Wallace Associated Sales, Inc., with each receiving a one-third interest.

     WHEREFORE, PREMISES CONSIDERED, Movants pray for an Order permitting the requested transfers and directing the Trustee to take such steps as are necessary to transfer ownership of the life insurance policies owned by Madison Park Home Furnishings, LLC and insuring the lives of Mssrs. Dudley, Paxton, Dauler and Spivey, to Movants as set forth above.     Movants further pray for such other or additional relief to which they may be entitled under the circumstances.

RESPECTFULLY SUBMITTED, this the 2nd day of December, 2013.

By: */s/ W. Lawrence Deas*
W. LAWRENCE DEAS, MSBN:  100227
Deas & Deas, LLC
P.O. Box 7282
Tupelo, MS 38802
Phone (662) 842-4546
Facsimile (662) 842-5449
Email:  Lawrence@deaslawfirm.com

*Attorney for Paxton Sales, Inc.,*
*C.D. Wallace Associated Sales, Inc., and*
*Mark Dauler Sales, Inc.*

## CERTIFICATE OF SERVICE

I, W. Lawrence Deas, do hereby certify that I have filed the foregoing document using the CM/ECF System which sent notice of the filing to all persons requesting same, including:

David Blaylock – dblaylock@glankler.com

Selene D. Maddox – selenemaddox@gmail.com

Ronald McAlpin – Ronald.McAlpin@usdoj.gov


Dated:  December 2, 2013

*/s/ W. Lawrence Deas*
**W. LAWRENCE DEAS**